# COURT OF APPEALS,
## February 1, 1916.

### THE PEOPLE v. BARTELO TARANTO

(217 N. Y. 199.)

ARSON—CONFESSION—ERRONEOUS REFUSAL TO ADMIT EVIDENCE THAT CON-
FESSION WAS MADE UNDER INFLUENCE OF FEAR PRODUCED BY THREATS.
Defendant who was on trial for arson had admitted in writing his
connection with the offense. He attempted to prove that the confession
which was put in evidence was made under the influence of fear pro-
duced by threats. This the Court refused to allow. Held error (Code
Crim. Pro. 395) which was not cured by a charge to the jury that
" If you find that this defendant gave those statements, or either of
them on account of fear, or duress or anything of that kind, then you
will disregard the statements which have been read to you by counsel.
You may consider evidence of the mistreatment of any of the witnesses
on that issue." In view of the fact that the court had excluded or
stricken out the evidence with reference thereto.
People v. Taranto, 171 App. Div.—Reversed.

APPEAL from an order of the Appellate Division of the Su-
preme Court in the third judicial department, entered Novem-
ber 19, 1915, which affirmed a judgment of the Chenango
County Court rendered upon a verdict convicting the defend-
ant of the crime of arson in the first degree.

The facts, so far as material, are stated in the opinion.

*David F. Lee*, for Appellant.

The court erred in the reception of the alleged statements of
the defendant in evidence (People v. Brasch, 193 N. Y. 46;
People v. Strait, 154 N. Y. 165; People v. Fox, 121 N. Y. 453;
Hendrickson v. People, 10 N. Y. 1).

*H. C. Stratton* and *Millard C. Loomis* for respondent.

There was no error in receiving in evidence the verified and sworn statements and confessions of the appellant. (People v. White, 176 N. Y. 331; People v. Meyer, 162 N. Y. 357; People v. Scott, 195 N. Y. 224; People v. Wolf, 183 N. Y. 480.)

CUDDEBACK, J.:

The defendant has been convicted of the crime of arson in the first degree. The indictment upon which the conviction was had contained two counts. The first count charged the defendant with having aided and abetted Jerry Rossi and Bruno Meduri in the commission of the crime for the purpose of obtaining the insurance moneys on the property set on fire, which was the property of the defendant. The second count charged arson as at common law.

The defendant, as it appears, was the proprietor of a small shoe store situated in the city of Norwich, Chenango county, and of a small repair shop connected with and adjoining the store. The rooms above the store were at the time of the fire occupied as the dwelling place of several people.

Bruno Meduri, one of the persons named in the indictment, set fire to the repair shop at about 2:15 o'clock in the morning on September 29th, 1914. The shop and store and several neighboring buildings were burned.

The defendant, in January, 1915, admitted in writing his connection with the arson, and the main question raised on this appeal is whether the rulings of the court on the trial regarding the testimony offered to show the circumstances under which the confession was obtained were free from error.

Bruno Meduri was arrested for his offense on December 30th, 1914, and was incarcerated in the county jail at Norwich. According to Meduri's testimony on the night following his arrest he was taken to the sheriff's office and was there seated in a

chair. He was kept in the chair all night and was not allowed to sleep. During the night he was plied with questions by the detectives and sheriff's officers, and along toward morning Quinn, one of the detectives, struck him one or two hard blows in the face. Later Meduri succumbed and made his confession implicating the defendant.

There is no pretense on the part of the People that this testimony is not true. Those who took part in the ill-treatment of Meduri were present at the trial and did not contradict his statement. One of them, a police officer named Lewis, was sworn and was asked as to a similar assault in the jail on Jerry Rossi, the other man named in the defendant's indictment, but the testimony was excluded by the court.

Shortly after Meduri's experience the defendant was arrested and was brought to the county jail. He also was taken in the night time from his cell to the sheriff's office and the same persons were there who were present when Meduri was questioned. The defendant then made the confession which was put in evidence, admitting his guilt. His counsel, on the direct examination, questioned him and he answered as follows:

" Q. I ask what made you talk in there? A. I heard anybody got a good licking and was afraid I might get a licking myself.

" [Objected to by the People, move to strike out. Sustained.]

" Q. At the time you were in there one reason why you talked was because you might get a licking like the rest?

" [Objected to. Assuming facts not proven. Incompetent, immaterial, irrelevant, inadmissible, self-serving declaration in his own favor. Calls for operation of the mind of the witness. Sustained. Exception.]

" Move to strike out whatever he said on that question.

" By the Court: It may go out. [Exception.] "

Then on re-direct examination he was interrogated by his counsel thus:

" Q. He asked you about force and violence.    Before you went in there with Gibbs and Flanagan, did you know of force and violence being used in the jail?

" [Objected to.    Unless he makes it more specific.    Sustained.]

" Q. Did you know, at the time you went in the front room, force had been used on the prisoners in the jail?

" [Objected to.    Incompetent, immaterial, irrelevant, inadmissible, illegal.    Sustained.    Exception.] "

Section 395 of the Code of Criminal Procedure, which relates to confessions in criminal cases, provides as follows:  " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed."

This court said in People v. Rogers (192 N. Y. 331, 346, 22 N. Y. Crim. 376) : " The test of the admissibility of the statements of a party accused of the commission of a crime whether made in the course of judicial proceedings or not is whether they were voluntary." · And in People v. White (176 N. Y. 331, 349, 17 N. Y. Crim. 538) : " The competency of a confession is to be determined by the trial court upon the facts in evidence at the time it is offered.    *    *    *    After it is received, if a question of fact arises as to its voluntary character, the jury · should be instructed to wholly disregard it, unless they find that it was voluntarily made, without threat or menace by acts, words or situation, and without compulsion, real or apprehended, and without the promise, express or implied, that the defendant should not be prosecuted, or that he should be punished less severely."

Under these provisions of our law certainly the defendant had

the right to say what made him talk when he confessed his guilt and the further right that his testimony should be retained in the record of his trial. It may be noted that the People's objection to one of the questions put by the defendant's counsel was to the effect that the questions should be more specific, but the questions and the answers, so far as the questions were answered, were sufficiently specific and there could have been no doubt in the minds of the court or the district attorney as to what was meant by the testimony offered. Gibbs and Flanagan, referred to in one of the questions, were the notaries public who took the defendant's statements and swore him to the same. The rulings of the court excluding the defendant's testimony were erroneous.

The counsel for the People argues that the exclusion of the defendant's testimony offered in explanation of his confession was not harmful because he testified as a witness in his own behalf on the trial to the same facts. That is a mistake. The defendant's confession is far more compromising to him than his testimony on the trial. One of the most prominent features of the confession was the admission by the defendant that he had discussed with one John Pignitelle, as the latter testified, the project of employing Bruno Meduri to commit the arson in order to get the insurance moneys. On the trial, the defendant omitted all reference to that subject further than to flatly contradict Pignitelle's testimony. The confession tends to implicate the defendant deeply in the crime, while his testimony on the trial tends to his exoneration.

In his charge to the jury the county judge said: "If you should find that this defendant gave those statements, or either of them on account of fear, or duress or anything of that kind, then you will disregard the statements which have been read to you by counsel. You may consider evidence of the mistreatment of any of the witnesses on that issue." The great trouble

with that charge is that the court had excluded or stricken out the evidence of the ill-treatment of the witnesses.

The case was a close one. The evidence against the defendant was not very satisfactory. It came largely from his alleged accomplices, who, he asserted, burned his store because he refused to submit to their blackmailing demands. The corroborating testimony was slight and doubtless the defendant's confession turned the scale against him. It was, therefore, a case in which not only all rules relating to confessions should have been observed, but the county judge should have required proof that they were observed. (People v. Buffom, 214 N. Y. 53.) That was not done. The judgment of conviction must, therefore, be reversed, and a new trial ordered.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, SEABURY and POUND, J., concur.

Judgment of conviction reversed, etc.